Judd Burstein (JB 9585)
JUDD BURSTEIN, P.C.
1790 Broadway
Suite 1501
New York, New York 10019
(212) 974-2400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CRAB HOUSE OF DOUGLASTON, INC.
d/b/a DOUGLASTON MANOR, *et al.*          :

                *Plaintiffs*,         :         CV 04-558 (DRH) (WDW)

  – against –                              :

NEWSDAY, INC., *et al.*                  :

                *Defendants*.         :
-----------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
LOUIS S. SITO'S MOTION TO DISMISS PLAINTIFFS'
SECOND AMENDED COMPLAINT**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................. ii

PRELIMINARY STATEMENT ............................................... 1

POINT ONE

      PLAINTIFFS FAIL TO ALLEGE A § 1962(C) CLAIM AGAINST SITO ........... 2

POINT TWO

      PLAINTIFFS FRAUD ALLEGATIONS
      DO NOT SATISFY FED. R. CIV. P. 9(b) ................................... 4

POINT THREE

      PLAINTIFFS' CLAIMS OF RICO CONSPIRACY CANNOT STAND ............. 5

POINT FOUR

      SUPPLEMENTAL JURISDICTION SHOULD NOT BE EXERCISED
      OVER PLAINTIFFS' STATE LAW CLAIMS ................................. 6

CONCLUSION ............................................................ 8

## TABLE OF AUTHORITIES

**CASES**

*Henry v. Eisenberg*, 91 Civ. 5122 (DRH),
    1993 WL 86761 (E.D.N.Y. Mar. 10, 1993 (Hurley, J.) ........................ 2, 4

*McLaughlin v. Anderson*,
    962 F.2d 187 (2d Cir. 1992) .................................... 3

*Stochastic Decisions, Inc. v. DiDomenico*,
    995 F.2d 1158 (2d Cir. 1993) ................................... 2

**STATUES AND OTHER AUTHORITIES**

Fed. R. Civ. P. 9(b) ................................................. *passim*

Fed. R. Civ. P 12(b)(6) ................................................. 1

N.Y. G.B.L. §§ 349 ................................................. 1, 7

N.Y. G.B.L. §§ 350 ................................................. 1, 7

18 U.S.C. § 1341 ................................................. 2

18 U.S.C. § 1961 ................................................. 2

18 U.S.C. § 1962 ................................................. *passim*

## PRELIMINARY STATEMENT

Defendant Louis S. Sito ("Sito") respectfully submits this memorandum of law in support of his motion to dismiss plaintiffs' Second Amended Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b), and for such other and further relief as the Court deems just and proper.

The Second Amended Complaint asserts eight claims against Sito: two substantive Racketeer Influenced and Corrupt Organizations Act ("RICO") violations pursuant to 18 U.S.C. § 1962(c) (Counts I and III); three § 1962(d) RICO conspiracy claims (Counts II, IV and V), and claims under New York law for conversion (Count VI), fraud (Count IX) and unfair business practices in violation of §§ 349, 350 and 350(a) of New York's General Business Law. None of these claims are cognizable against Sito.

To avoid an undue burden on the Court, Sito joins in the arguments set forth by defendants Newsday, Inc. ("Newsday"), Hoy LLC ("Hoy"), Distribution Systems of America, Inc. ("DSA"), DSA Community Publishing, LLC, f/k/a United Media Distributors, LLC, Harold Foley and Thomas Langer (collectively, the "Newsday Defendants") in their memorandum of law dated January 19, 2005 (the "Newsday Defendants' Memo") and in the memorandum of law of defendant Robert Brennan dated January 19, 2005 (the "Brennan Memo") as those arguments are also applicable to Sito. To the limited extent Sito's position requires elaboration, his arguments are set forth below.

## POINT ONE

### PLAINTIFFS FAIL TO ALLEGE A § 1962(c) CLAIM AGAINST SITO

Principally, plaintiffs' rambling Second Amended Complaint alleges a scheme by Newsday, Hoy and DSA to overcharge them for various advertising services over a number of years in purported violation of RICO, 18 U.S.C. § 1961 *et seq.*

Two substantive claims under § 1962(c) are alleged against Sito (Counts I and III). Glaringly absent from the Second Amended Complaint, however, is any allegation that Sito engaged in predicate acts of racketeering. Accordingly, plaintiffs' 18 U.S.C. § 1962(c) claims against Sito must be dismissed.

"The bare minimum of a RICO charge is that a defendant personally committed or aided and abetted the commission of two predicate acts." *Stochastic Decisions, Inc. v. DiDomenico*, 995 F.2d 1158, 1168 (2d Cir. 1993) (internal quotation omitted); *accord Henry v. Eisenberg*, 91 Civ. 5122 (DRH), 1993 WL 86761 *2 (E.D.N.Y. Mar. 10, 1993) (Hurley, J.) (where predicate is mail fraud under 18 U.S.C. § 1341, "at least two separate acts of mail fraud must be alleged to sufficiently state a claim under RICO.").

Here, the alleged racketeering activity is said to be "multiple and repeated instances of mail fraud in violation of 18 U.S.C. § 1341." (SAC ¶ 205)[1] However, none of the twelve paragraphs in which Sito is mentioned in the 278-paragraph, 113-page Second Amended Complaint (SAC ¶¶ 5, 77, 107, 133, 139-141, 145, 147, 153, 157, 189) contains <u>any allegation</u> that Sito personally "caused any mailing that was for the purpose of executing the scheme or incidental to an

---

[1].  Citations in the form "(SAC ¶ __)" are to the Second Amended Complaint dated December 14, 2004.

2

essential part of the scheme." *McLaughlin v. Anderson*, 962 F.2d 187, 191 (2d Cir. 1992) (internal quotations and citations omitted); see Newsday Defendants' Memo at 13-17. Instead of Sito, all of the alleged misrepresentations are said to have been made by unidentified "agents or sales representatives" of Newsday, Hoy or DSA and are wholly contained either in miscellaneous "promotional material"[2] delivered to various plaintiffs in person or by mail – plaintiffs do not say when – or orally by these unidentified "agents or sales representatives." (SAC ¶¶ 18, 23, 28, 33, 38, 43, 48, 53, 58, 63)  None of these vague oral misrepresentations are attributed to Sito, nor is it claimed he authored any of the "promotional material" at issue.

Plaintiffs' allegations against Sito are at best general, dwelling principally upon his position of authority at Newsday and Hoy and alleged receipt of inflated circulation numbers in the course of his duties. (SAC ¶¶ 5, 77, 189)  The only specific allegation of wrongdoing involves Sito's purported instruction to ex-Newsday employee Michael Pouchie in December 1998 to inflate Hoy's circulation volume – an instruction, remarkably, that plaintiffs allege Pouchie refused to follow and thus could not possibly have caused them any harm.  (SAC ¶¶ 139-141)  These allegations simply do not make out any predicate act of mail fraud by Sito.

As plaintiffs have not alleged that Sito engaged in any specific act of racketeering – much less a pattern of such acts – the substantive RICO counts against Sito must be dismissed.

---

2. With respect to the "promotional material," plaintiffs do not even specify how said material was in fact false.

3

## POINT TWO

## **PLAINTIFFS FRAUD ALLEGATIONS DO NOT SATISFY FED. R. CIV. P. 9(b)**

Plaintiffs' fraud allegations do not meet the requirements of Fed. R. Civ. P. 9(b) and the RICO and common law counts which depend on them (Counts I-V and IX) must therefore be dismissed.

This Court has explained that prolix and generalized charges of fraud will not do in the context of RICO:

> Fed. R. Civ. P. 9(b) ... applies to allegations of mail fraud in civil RICO actions. Rule 9(b) states that "[i]n all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."
>
> The case law on Rule 9(b) elaborates on its requirements. For example, the plaintiff must plead with particularity the allegedly fraudulent statements themselves, how each of these items was false and misleading, the time, place and speaker of the alleged misrepresentations, and the factual circumstances giving rise to a strong inference of the requisite fraudulent intent. Finally, when multiple defendants are involved in the alleged fraud, the complaint should inform each defendant of the nature of his alleged participation in the fraud.

*Henry*, 1993 WL 86761 at *2 (Hurley, J.) (citations and internal quotations omitted). *See also* Newsday Defendants' Memo at 14-17.

As explained *supra*, the Second Amended Complaint is woefully deficient in this regard. It does not provide the date of any statement by Sito, the date of any meeting in which Sito was involved, the date of any particular allegedly false affidavit, or a specification, beyond generalities, of how such affidavits were false. In fact, plaintiffs do not even specify who made false representations to them or what in fact was false about what was communicated, relying instead upon allegations that unidentified "agents or sales representatives" of Newsday, Hoy or DSA made false

4

statements in miscellaneous "promotional materials" delivered to various plaintiffs in person or by mail. To charge a party with stigmatizing allegations of racketeering, a plaintiff must surely do more.

Counts I-V and IX against Sito should be dismissed under Fed. R. Civ. P. 9(b).[3]

## POINT THREE

### PLAINTIFFS' RICO CONSPIRACY CLAIMS CANNOT STAND

In Counts II, IV and V, plaintiffs claim that Sito conspired with the other defendants to violate § 1962(c) and § 1962(a) in conducting the affairs of the three RICO "enterprises" alleged, in violation of § 1962(d). Because the substantive claims for purported violations of § 1962(c) and § 1962(a) do not survive, the RICO conspiracy claims based upon them must also fail. *See* Newsday Defendants' Memo at 17-20; Brennan Memo at 4.

As detailed *supra*, plaintiffs' § 1962(c) claims are all based upon defective mail fraud allegations and therefore cannot support plaintiffs' § 1962(d) conspiracy claims (Counts II and IV).

Plaintiffs' § 1962(a)-based § 1962(d) claim (Count V) requires allegations that each plaintiff suffered a "use or investment injury" distinct from the injuries caused by the predicate acts of mail fraud (which, of course, are themselves insufficiently alleged). *See* Newsday Defendants' Memo at 18-19. Tellingly, the Second Amended Complaint does not even allege a substantive § 1962(a) claim against any defendant, for the plain reason that no defendant can possibly have caused any injury distinct from the allegedly overpaid commissions that constitute all of plaintiffs' alleged § 1962(c) damages. (*See* SAC ¶ 275) The lack of any "use or investment injury" precludes plaintiffs' RICO conspiracy claim based on § 1962(a).

---

3.    The remaining § 1962(c) claim (Count III) should be dismissed on the separate ground that the "Circulation Enterprise" is not a valid RICO enterprise under the well-established law of this Circuit. *See* Newsday Defendants' Memo at 6-10.

5

Finally, as explained by the Newsday Defendants, plaintiffs' vague and general allegations regarding the formation of the purported conspiracy to overcharge them do not approach the requirement that an actual agreement by Sito to violate RICO's substantive provisions be alleged in detail. *See* Newsday Defendants' Memo at 19-20. For this separate reason, Counts II, IV and V must be dismissed.

### POINT FOUR

### SUPPLEMENTAL JURISDICTION SHOULD NOT BE EXERCISED OVER PLAINTIFFS' STATE LAW CLAIMS

Jurisdiction in this Court is premised on plaintiffs' federal RICO and Lanham Act claims. As explained *supra* and in the Newsday Defendants' Memo, these claims do not withstand scrutiny and should be dismissed. As the parties are not diverse, plaintiffs' state law claims against Sito for conversion (Count VI), fraud (Count IX) and statutory unfair business practices (Count X) are not appropriately before the Court and therefore should also be dismissed. Newsday Defendants' Memo at 24-25.

In the event that supplemental jurisdiction is exercised, we respectfully submit that the Court should dismiss these remaining counts for failure to state a claim upon which relief may be granted.

A.   Conversion

Essentially, plaintiffs claim that the defendants, including Sito, converted the allegedly "overpaid" portion of their advertising dollars over a number of years. (Count VI (SAC ¶¶ 251-254)) This claim against Sito is defective for two reasons.

First, as explained by the Newsday Defendants, because of its liquid nature making the identification of a convertible *res* generally impossible only specific and segregated monies are the proper subject of a conversion action – and no such monies have been identified. *See* Newsday

6

Defendants' Memo at 25-26.

Second, regarding Sito specifically, plaintiffs do not allege that he ever possessed or exercised control over any of the funds at issue. Rather, all of the monies went to Newsday, Hoy, DSA and its corporate predecessor. (SAC ¶ 252) Sito converted nothing. The conversion claim against him is vapor.

B.   Fraud

As explained *supra*, the Second Amended Complaint does not allege that Sito made any misrepresentation to plaintiffs at all, as required under New York law and Fed. R. Civ. P. 9(b). This is a fatal defect. *See* Newsday Defendants' Memo at 27-29; Brennan Memo at 5. Plaintiffs' common law fraud claim against Sito (Count IX (SAC ¶¶ 263-270)) must be dismissed.

C.   Unfair Business Practices

Finally, plaintiffs have asserted a claim against Sito under New York's unfair business practice statutes, N.Y. Gen. Bus. L. §§ 349, 350. (Count X (SAC ¶¶ 271-274) Plaintiffs, however, are not members of the class that these statutes were enacted to protect – consumers, not sophisticated business entities like plaintiffs – and therefore have no standing to assert such claims. *See* Newsday Defendants' Memo at 29-31; Brennan Memo at 5-6. Accordingly, Count X should also be dismissed.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in the Newsday Defendants' Memorandum of Law dated January 19, 2005 and defendant Brennan's Memorandum of Law dated January 19, 2005, we respectfully submit that the Court should dismiss the claims against Sito in the Second Amended Complaint in their entirety, and grant such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        February 2, 2005

                                        JUDD BURSTEIN, P.C.

                                        By: /s/ Judd Burstein
                                        Judd Burstein
                                        1790 Broadway, Suite 1501
                                        New York, New York 10019
                                        (212) 974-2400

Of Counsel:

Michael C. Quinn

8

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

      Julian A. Davila, being duly sworn, deposes and says, that deponent is not a party to this action, is over 18 years of age and resides at Hollis, New York; that on the 2nd day of February, 2005, deponent served the within Notice of Motion to Dismiss Plaintiff's Second Amended Complaint

UPON:

| | |
|---|---|
| Joseph O. Giaimo, Esq.<br>Giaimo & Vreeburg<br>80-02 Kew Gardens, 5th Floor<br>Kew Gardens, NY 11415<br>*Attorney for Plantiffs* | David Meister<br>Clifford Chance US LLP<br>31 West 52nd Street<br>New York, New York 10019<br>(212) 878-8000<br>*Attorneys for Defendant Robert Haufman* |
| Samuel K. Rosen, Esq.<br>Wechsler Harwood LLP<br>488 Madison Avenue, Suite 801<br>New York, NY 10019<br>(212) 935-7400<br>*Attorneys for Representative Plaintiffs* | Edward A. McDonald<br>Dechert LLP<br>30 Rockefeller Plaza<br>New York, NY 10112<br>(212) 698-3500<br>*Attorneys for Defendant Robert Brennan* |
| Robert W. Hirth, Esq.<br>Sidley Austin Brown & Wood LLP<br>787 Seventh Avenue<br>New York, New York 10019<br>(212) 839-5335<br>*Attorneys for Defendants Newsday, Inc., et al.* | Gregory J. O'Connell<br>De Feis O'Connell & Rose, P. C.<br>500 Fifth Avenue, 26th Floor<br>New York, NY 10110<br>(212) 768-1000<br>*Attorneys for Defendant Keith Potthoff* |

by depositing a true copy of same enclosed in a post-paid, properly addressed wrapper, by regular mail in a post office/official depository under the exclusive care and custody of the U.S. Postal Service within the State of New York.

_____
Julian A. Davila

Sworn to before me this
2nd day of February, 2005

_____
Notary Public

PAUL GUZMAN
Notary Public, State of New York
No. 01GU6081645
Qualified in Queens County
Commission Expires 10/15/2006