**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CRAB HOUSE OF DOUGLASTON INC. d/b/a      :
DOUGLASTON MANOR, COLLEGE POINT
RESTAURANT, CORP. D/B/A GALLAGHER'S II, :
RON BON PUB, INC. d/b/a GALLAGHER'S, E T      Civil Action No.
WEEK PUBLICATION, INC., GREENBERG &    :   04-CV-558 (DRH) (WDW)
STEIN, LLP, JOSEPH MAURO, PARELLEL
PRODUCTIONS, INC., PARK AVENUE      :
AESTHETIC SURGERY, PC, SCOTT A. RUSSO,
and TAG CATERING, INC., ON BEHALF OF    :
THEMSELVES AND ALL SIMILARLY
SITUATED PERSONS AND ENTITIES,      :

             Plaintiffs,        :

   -against-              :

NEWSDAY, INC., HOY, LLC, UNITED MEDIA   :
DISTRIBUTORS, LLC, DISTRIBUTION
SYSTEMS OF AMERICA, INC., HAROLD     :
FOLEY, ROBERT GARCIA, THOMAS LANGER,
ROBERT HAUFMAN, FRED HERB, ROBERT    :
BRENNAN, LOUIS S. SITO, KEITH POTTHOFF
AND JOHN DOES "1" THROUGH "25",     :

             Defendants.     :

                           :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X


**MEMORANDUM IN SUPPORT OF DEFENDANT ROBERT HALFMANN'S**
**MOTION TO DISMISS THE SECOND AMENDED COMPLAINT**

## INTRODUCTION

Defendant Robert Halfmann ("Halfmann"), through his counsel Clifford Chance US LLP, submits this memorandum in support of his motion to dismiss the Second Amended Complaint ("SAC") pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure. Halfmann respectfully joins in the arguments asserted by defendants Newsday, Inc., Hoy LLC, Distribution Systems of America, Inc., DSA Community Publishing, LLC f/k/a United Media Distributors, LLC, Harold Foley, Thomas Langer (collectively, the "Newsday Defendants") in their Memorandum of Law (the "Newsday Defendants' Memo"), as those arguments are also applicable to Halfmann.  To the extent Halfmann's position requires elaboration, his arguments are set forth below.

The Second Amended Complaint asserts eight claims against Halfmann: two substantive Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961(c) (2005) violations (Counts I and III), three § 1962(d) RICO conspiracy claims (Counts II, IV and V), and claims under New York law for conversion (Count VI), fraud (Count IX) and violations of New York's General Business Law (Count X).  None of these claims are cognizable as against Halfmann.

## ARGUMENT

A.  **Count One Fails To State A Section 1962(c) RICO Claim Against Halfmann**

1.  **The Second Amended Complaint Fails to Allege that Halfmann Conducted" the Affairs of the Purported Enterprises**

Count I should be dismissed because plaintiffs have failed to allege that Halfmann "conducted" the affairs of any of the purported enterprises.  (<u>See</u> Newsday Defendants' Memo,

at 11-13).  In order to satisfy the "conduct" element of a section 1962(c) claim, "a plaintiff must plead that each defendant participated in the `operation or management' of an enterprise." LeSavoy v. Lane, 304 F. Supp. 2d 520, 534 (S.D.N.Y. 2004).  "[L]iability under § 1962 (c) 'may not be imposed on one who merely "carries on" or "participates in an enterprise's affairs.'" Redtail Leasing, Inc. v. Bellezza, No. 95 Civ. 5191, 1997 WL 603496, at * 4 (S.D.N.Y. Sept. 30, 1997) (quoting Biofeedtrac, Inc. v. Kolinor Optical Enters. & Consultants, S.R.L., 832 F. Supp. 585, 590-91 (E.D.N.Y. 1993)).

The Second Amended Complaint contains conclusory language to the effect that "Garcia, Langer, Haufman [sic], Herb, and Potthoff . . . function in the Circulation Enterprise by providing overall leadership, management and supervision . . . " (SAC ¶189; see also SAC¶ 190) and that "[e]ach of the Individual Defendants was, and continues to be, associated with the Circulation Enterprise and the Company Defendants Newsday and Hoy, and managed, operated and/or participated directly or indirectly, in the affairs of these Enterprises . . . " (SAC ¶ 224). However, broad and "'sweeping allegations' that in a general fashion a defendant operated, managed and participated in the operation and management of the enterprise do not support a section 1962(c) claim."  Pyke v. Tony, No. 92 Civ. 555, 1998 WL 37599, at * 8 (N.D.N.Y. Jan. 26, 1998) (citation omitted.)  The Second Amended Complaint is devoid of factual allegations sufficient to demonstrate that Halfmann conducted the affairs of the purported enterprises.

The conduct attributed to Halfmann in the Second Amended Complaint is that he was "trained" by others to "change[] the affidavit" (SAC ¶ 107) and to "manipulate [the Distributor's] computers." (SAC ¶ 144).  The only allegation that even suggests Halfmann actively participated in the purported enterprise is the conclusory allegation in Paragraph 119 of the Second Amended Complaint that "Green was systematically directed every few weeks by

2

Defendant Garcia or Defendants Langer, Haufman [sic], Herb and Brennan to falsely inflate Newsday sales figures for the Saturday and Sunday Newsday newspapers." This allegation simply lumps multiple defendants together in vague and conclusory terms, and therefore, does not directly attribute any conduct to Halfmann.  Moreover, this allegation is patently inconsistent with the allegation in Paragraph 107 that Halfmann is Green's "trainee."

The broad and conclusory allegations in the Second Amended Complaint are wholly insufficient to demonstrate that Halfmann "conducted" the affairs of the purported enterprises under § 1962(c).

> 2.   **The Second Amended Complaint Fails to Allege that Halfmann Committed Predicate Acts of "Racketeering Activity"**

Count I also fails to state a cognizable § 1962(c) claim because plaintiffs do not sufficiently allege that Halfmann committed any predicate acts of "racketeering activity," much less a pattern of them.  (See Newsday Defendants' Memo, at 13-17).  The Second Amended Complaint purports to allege that Halfmann committed RICO predicate acts of mail fraud in violation of 18 U.S.C. § 1341 (SAC ¶¶205, 211).  But, as noted above, the few substantive allegations in which Halfmann appears do not identify any false representation made at any time, to any plaintiff, by Halfmann and do not identify a single act of mail fraud by Halfmann.

Thus, these allegations fail to comply with the requirements of Federal Rule of Civil Procedure 9(b) and do not sufficiently allege facts that Halfmann committed any predicate acts. Plaintiffs' § 1962(c) claims therefore must fail.[1]

---

[1]   The other substantive § 1962(c) claim (Count III) also should be dismissed because Plaintiffs have not pled that the purported "Circulation Enterprise" is a cognizable RICO enterprise. (See Newsday Defendant's Memo, at 6-10).

**B.**      **Plaintiffs' Failure To State A Substantive RICO Claim Requires Dismissal Of The RICO Conspiracy Claims**

Counts II, IV and V allege that Halfmann conspired with the other defendants to violate § 1962(c) with regard to the conduct of the purported enterprises.  These Counts are necessarily insufficient because the Second Amended Complaint does not state a claim under the corresponding substantive provisions of RICO.  (See Newsday Defendants' Memo, at 17-19). Furthermore, even if the Second Amended Complaint stated a substantive RICO claim, the § 1962(d) conspiracy counts should be dismissed because plaintiffs do not plead any facts showing that Halfmann knowingly agreed to participate in a conspiracy to commit predicate acts, as the statute requires.  See Laverpool v. New York City Transit Auth., 760 F. Supp. 1046, 1060 (E.D.N.Y. 1991).  Indeed, as noted above, the Second Amended Complaint is devoid of any factual allegations of substantive conduct by Halfmann and simply lumps Halfmann together with the other defendants in vague and conclusory allegations.

4

C.     **The Court Should Decline To Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims Against Halfmann or Alternatively Dismiss The Counts Against Halfmann for Failure To State A Claim Upon Which Relief Can Be Granted**

Because the claims on which the plaintiffs base federal jurisdiction should be dismissed, the Court should also dismiss the remaining state law claims.  (See Newsday Defendants' Memo, at 24-25).  In the event that the Court decides to exercise supplemental jurisdiction, however, plaintiffs' state law counts should be dismissed for failure to state a claim.

1.     **The Second Amended Complaint Does Not State A Claim Against Halfmann for Conversion**

The Second Amended Complaint alleges only that the corporate defendants converted the plaintiffs' money.  (SAC ¶252).  Because there are no allegations in the Second Amended Complaint that Halfmann converted any of the plaintiffs' money, there is no basis for asserting a conversion claim against Halfmann.  (See Newsday Defendants' Memo, at 25-26).

2.     **The Second Amended Complaint Does Not State A Claim Against Halfmann for Common Law Fraud**

Plaintiffs' fraud count relies on the broad allegations that "Defendants and each of them" made representations to plaintiffs as to "the circulation volume of Newsday and Hoy and the flyer circulation volume." (SAC ¶264).  Such broad allegations are insufficient to state a claim under New York law, especially under the strict particularity requirements of Fed. R. Civ. P. Rule 9(b). (See Newsday Defendants' Memo, at 27-29).  Because plaintiffs do not identify any allegedly fraudulent statements made by Halfmann, nor particularize where or when any allegedly fraudulent statements were made, plaintiffs' claim against Halfmann should be dismissed.  See, e.g., Alnwick v. European Micro Holdings, Inc., 281 F. Supp. 2d 629, 642 (E.D.N.Y. 2003) ("Rule 9(b) requires that the plaintiff allege facts specifying each defendant's contribution to the fraud").

5

3.      **The Second Amended Complaint Does Not State A Claim Against Halfmann Under New York's General Business Law**

Count X, which claims that defendants engaged in deceptive business practices and false advertising, fails to state a claim against Halfmann because plaintiffs are businesses and not consumers, as required by New York General Business Law §§ 349, 350.  See Cruz v. NYNEX Info Res., 263 A.D.2d 285, 289, 703 N.Y.S. 2d 103, 106 (1st Dep't 2000).  The Second Amended Complaint alleges that "each of the Representative Plaintiffs are or were engaged in a business or profession in the greater New York area and each … paid the Defendants for advertisements for their products or services . . ." (SAC ¶11).  Thus, plaintiffs aver that they are businesses and not consumers.  Moreover, the Second Amended Complaint contains no allegation that any allegedly deceptive practices were directed to or affected consumers.  Accordingly, Count X does not state a claim under New York's General Business Law and should be dismissed.  (See Newsday Defendants' Memo, at 29-31)[2].

---

[2]   Plaintiffs' Section 350 claim is deficient for the additional reason that the Second Amended Complaint does not allege that any misleading or deceptive statement was made in an advertisement.  See Bader v. Siegel, 238 A.D.2d 272, 657 N.Y.S. 2d 28, 29 (1st Dep't 1997).

6

## CONCLUSION

For the foregoing reasons and for the reasons set forth in the Newsday Defendants' Memorandum of Law, the Court should dismiss the Second Amended Complaint in its entirety as against Halfmann, and grant such other relief as the Court deems just and proper.

Dated: February 18, 2005
      New York, New York

                                       CLIFFORD CHANCE US LLP

                                       By: /s/ Mark A. Weissman_____
                                          David Meister (DM-0942)
                                          Mark A. Weissman (MW-5325)

                                       31 West 52nd Street
                                       New York, New York 10019
                                       (212) 878-8579

                                       Attorneys for Defendant Robert Halfmann

NYA 711032.4

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 1

    A.    Count One Fails To State A Section 1962(c) RICO Claim Against
    Halfmann........................................................................................................... 1

        1.    The Second Amended Complaint Fails to Allege that Halfmann
        Conducted" the Affairs of the Purported Enterprises ................................. 1

        2.    The Second Amended Complaint Fails to Allege that Halfmann
        Committed Predicate Acts of "Racketeering Activity" ............................ 3

    B.    Plaintiffs' Failure To State A Substantive RICO Claim Requires Dismissal
    Of The RICO Conspiracy Claims .......................................................................... 4

    C.    The Court Should Decline To Exercise Supplemental Jurisdiction Over
    Plaintiffs' State Law Claims Against Halfmann or Alternatively Dismiss
    The Counts Against Halfmann for Failure To State A Claim Upon Which
    Relief Can Be Granted ............................................................................................ 5

        1.    The Second Amended Complaint Does Not State A Claim Against
        Halfmann for Conversion .......................................................................... 5

        2.    The Second Amended Complaint Does Not State A Claim Against
        Halfmann for Common Law Fraud............................................................ 5

        3.    The Second Amended Complaint Does Not State A Claim Against
        Halfmann Under New York's General Business Law ............................... 6

CONCLUSION................................................................................................................... 7

NYA 711032.4

# TABLE OF AUTHORITIES

## CASES

Alnwick v. European Micro Holdings, Inc., 281 F. Supp. 2d 629, 642 (E.D.N.Y. 2003) ...................................................................................................................... 5

Bader v. Siegel, 238 A.D.2d 272, 657 N.Y.S. 2d 28, 29 (1st Dep't 1997).................................... 6

Biofeedtrac, Inc. v. Kolinor Optical Enters. & Consultants, S.R.L., 832 F. Supp. 585, 590-91 (E.D.N.Y. 1993) ..................................................................................... 2

Cruz v. NYNEX Info Res., 263 A.D.2d 285, 289, 703 N.Y.S. 2d 103, 106 (1st Dep't 2000) ...................................................................................................................... 6

Laverpool v. New York City Transit Auth., 760 F. Supp. 1046, 1060 (E.D.N.Y. 1991) ....................................................................................................................... 4

LeSavoy v. Lane, 304 F. Supp. 2d 520, 534 (S.D.N.Y. 2004) ..................................................... 2

Pyke v. Tony, No. 92 Civ. 555, 1998 WL 37599, at * 8 (N.D.N.Y. Jan. 26, 1998)...................... 2

Redtail Leasing, Inc. v. Bellezza, No. 95 Civ. 5191, 1997 WL 603496, at * 4 (S.D.N.Y. Sept. 30, 1997) ............................................................................................ 2

## STATUTES

Fed. R. Civ. P. 12(b)(6) (2005) ....................................................................................................1

Fed. R. Civ. P. 9(b) (2005) ...............................................................................................1, 3, 5

18 U.S.C. § 1341 ...........................................................................................................................3

18 U.S.C. § 1961(c) (2005)..................................................................................................1, 2, 3, 4

18 U.S.C. § 1962(d) (2005) ..........................................................................................................1, 4

N.Y. Gen. Bus. L. § 349 (2005)....................................................................................................6

N.Y. Gen. Bus. L. § 350 (2005)....................................................................................................6

NYA 711032.4